UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CHRISTOPHER HASFAL,	: | |
| Plaintiff,	: | |
| 	: | CIVIL ACTION NO. |
| v.	: | 3:06-cv-55(CFD) |
| 	: | |
| CITY OF HARTFORD, et al.,	: | |
| Defendants.	: | |

## RULING ON MOTION FOR SUMMARY JUDGMENT
## BY DEFENDANTS CIOFFARI AND CITY OF HARTFORD [Doc. #81]

The plaintiff, Christopher Hasfal ("Hasfal"), commenced this civil rights action *pro se* and *in forma pauperis*. In his amended complaint, Hasfal seeks damages from defendants City of Hartford and Hartford Police Officer S. Cioffari for false arrest, malicious prosecution, false imprisonment, unlawful restraint and defamation of character. Defendants City of Hartford and Officer Cioffari move for summary judgment on the grounds that Hasfal fails to state a claim for false arrest or municipal liability. For the reasons that follow, the motion for summary judgment is **granted** and all remaining claims against these defendants are dismissed.

## I.     STANDARD OF REVIEW

In a motion for summary judgment, the burden is on the moving party to establish that there are no genuine issues of material fact in dispute and that it is entitled to judgment as a matter of law. *See* Rule 56(c), Fed. R. Civ. P.; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). The moving party may satisfy this burden by demonstrating the lack of evidence to support the nonmoving party's case. *PepsiCo, Inc. v. Coca-Cola Co.*, 315 F.3d 101, 105 (2d Cir. 2002) (per curiam).

A court must grant summary judgment if the pleadings, discovery materials on file and any affidavits show that there is no genuine issue as to any material fact. *Miner v. Glen Falls*,

999 F.2d 655, 661 (2d Cir. 1993).  A dispute regarding a material fact is genuine if there is sufficient evidence that a reasonable jury could return a verdict for the nonmoving party. *Anderson*, 477 U.S. at 248.

When a motion for summary judgment is supported by documentary evidence and sworn affidavits, the nonmoving party must do more than vaguely assert the existence of some unspecified disputed material facts or present mere speculation or conjecture.  *Western World Ins. Co. v. Stack Oil, Inc.*, 922 F.2d 118, 121 (2d Cir. 1990) (quotations and citations omitted). The mere of existence of a scintilla of evidence in support of the nonmoving party's position is insufficient; there must be evidence on which the jury could reasonably find for him.  *Dawson v. County of Westchester*, 373 F.3d 265, 272 (2d Cir. 2004).

The court resolves all ambiguities and draws all permissible factual inferences in favor of the nonmoving party.  *Patterson v. County of Oneida, NY*, 375 F.3d 206, 218 (2d Cir. 2004).  If there is any evidence in the record from which a reasonable inference could be drawn in favor of the opposing party on the issue on which summary judgment is sought, summary judgment is improper.  *Security Ins. Co. of Hartford v. Old Dominion Freight Line Inc.*, 391 F.3d 77, 83 (2d Cir. 2004).

Where one party is proceeding *pro se*, the court reads the *pro se* party's papers liberally and interprets them to raise the strongest arguments suggested therein.  *See Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994).  Despite this liberal interpretation, however, an unsupported assertion cannot overcome a properly supported motion for summary judgment.  *Carey v. Crescenzi*, 923 F.2d 18, 21 (2d Cir. 1991).

## II. FACTS

Defendant Cioffari began working as a patrol officer at the Hartford Police Department in June 2001. On August 22, 2003, she responded to a complaint by Ms. Tohne Taylor regarding a domestic dispute. Upon arrival at Ms. Taylor's apartment, defendant Cioffari interviewed Ms. Taylor regarding the incident. Ms. Taylor reported that she had been in a romantic relationship with Hasfal which ended as a result of on-going domestic incidents. Defendant Cioffari observed physical evidence, including injuries to Ms. Taylor, consistent with the reported physical abuse.

Defendant Cioffari reviewed Hasfal's criminal history and prior domestic incident reports involving Hasfal and Ms. Taylor. Defendant Cioffari also listened to voice mail messages left on Ms. Taylor's telephone by a man she identified as Hasfal. Defendant Cioffari attempted to contact Hasfal as part of her investigation. Hasfal told her that he was unavailable to meet with her because he was in New York and then, one hour later, he was in Florida.

Defendant Cioffari prepared an arrest warrant affidavit which resulted in the issuance of an arrest warrant for Hasfal by a Connecticut Superior Court judge. After a jury trial, Hasfal was found not guilty of the charges resulting from the August 22, 2003 incident.

## III. DISCUSSION

Defendants City of Hartford and Officer Cioffari move for summary judgment only on the claims of false arrest and municipal liability. They state that Hasfal did not include claims of malicious prosecution, false imprisonment, unlawful restraint and defamation of character and argue that he cannot amend his complaint in his response to the motion for summary judgment.

3

*Pro se* papers are liberally interpreted to raise the strongest arguments suggested therein. *See Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994). In his amended complaint, plaintiff seeks damages from these defendants for false arrest, malicious prosecution, false imprisonment, unlawful restraint and defamation of character. Although the amended complaint does not clearly articulate facts supporting each of these claims, defendants were on notice of the claims. Accordingly, the contention that this action does not include claims for malicious prosecution, false imprisonment, unlawful restraint and defamation of character fails.

      A.      <u>False Arrest, False Imprisonment, Unlawful Restraint and Malicious Prosecution</u>

The federal court looks to state law when considering federal civil rights claims for false arrest and false imprisonment. *See Huang v. Johnson*, 251 F.3d 65, 75 (2d Cir. 2001). Under Connecticut law, these claims are synonymous; "'[f]alse imprisonment, or false arrest, is the unlawful restraint by one person of the physical liberty of another.'" *Russo v. City of Bridgeport*, 479 F.3d 196, 204 (2d Cir.) (quoting *Outlaw v. City of Meriden*, 43 Conn. App. 387, 392, 682 A.2d 1112, 1115 (1996), *cert. denied*, 128 S. Ct. 109 (2007)). Claims for false arrest and false imprisonment fail "if the plaintiff was arrested pursuant to a facially valid warrant." *Id.* (citation omitted).

In their Local Rule 56(a)1 Statement, defendants state that the arrest warrant was issued by a state court judge. *See* Doc. #81-14, ¶ 12. Hasfal admits this fact. *See* Doc. #86-3, ¶ 12. "It is well settled that an arrest made pursuant to a valid warrant issued by a court of competent jurisdiction is privileged and cannot support an action for false arrest." *LoSacco v. City of Middletown*, 745 F. Supp. 812, 816 (D. Conn. 1990) (citation omitted). Although Hasfal challenges the accuracy of the arrest warrant affidavit in his amended complaint, he provides no

evidence to support his claim. Instead, he directs the court to the trial transcript. Hasfal appears to conclude that, because the jury acquitted him of the charges, the statements in the arrest warrant affidavit necessarily were false.

Less evidence is required to provide probable cause for arrest than to support a conviction. *United States v. Fisher*, 702 F.2d 372, 375 (2d Cir. 1983). Probable cause exists when the police receive information sufficient to warrant a person of reasonable caution to believe that an offense has been committed by the person to be arrested. *Curley v. Suffern*, 268 F.3d 65, 70 (2d Cir. 2001). The police need not be certain that the person arrested will be prosecuted successfully. *Krause v. Bennett*, 887 F.2d 362, 371 (2d Cir. 1989). Statements of a victim and eye-witnesses to an alleged crime constitute probable cause unless there are reasons to doubt the veracity of such sources and probable cause is not vitiated because the officer did not investigate the arrestee's claim of innocence. *Panetta v. Crowley*, 460 F.3d 388, 395-96 (2d Cir. 2006). Indeed, once the officer has probable cause for an arrest, he is not required to continue investigating. *Id.* at 398; *see also Jocks v. Tavernier*, 316 F.3d 128, 135-36 (2d Cir. 2003) (noting that the Second Circuit imposes no general duty on the arresting officer to investigate exculpatory defenses offered by the person being arrested).

Defendant Cioffari relied on the statements of the victim and Hasfal's past history of domestic abuse in preparing the arrest warrant affidavit. She was not required to investigate Hasfal's exculpatory defense. The court concludes that the arrest warrant was supported by probable cause and, therefore, that Hasfal was arrested pursuant to a valid warrant. Thus, Hasfal's claims for false arrest and false imprisonment fail. Hasfal also includes a claim for unlawful restraint. He provides no facts regarding his initial arrest. The court considers this

claim a reiteration of his claims for false arrest and false imprisonment and concludes that this claim fails as well.

To state a claim for malicious prosecution under section 1983, Hasfal must allege facts satisfying the elements of a malicious prosecution claim under state law. *Fulton v. Robinson*, 289 F.3d 188, 195 (2d Cir. 2002). One element of a claim for malicious prosecution under Connecticut law is that the defendant acted without probable cause. *Chipperini v. Crandall*, 253 F. Supp. 2d 301, 305 (D. Conn. 2003). The determination, above, that Hasfal's arrest was supported by probable cause, negates any malicious prosecution claim against defendant Cioffari as well.

    B.    <u>Municipal Liability</u>

Defendants contend that Hasfal fails to allege any facts supporting a claim of municipal liability. However, Hasfal includes no allegations in the amended complaint against the City of Hartford. The only reference to the city is a statement that the City of Hartford is liable under state law for any judgment against defendant Cioffari.

Absent any factual allegations against the City of Hartford, the court need not address defendants' argument regarding municipal liability. As all claims against defendant Cioffari have been dismissed, there is no judgment for which the City of Hartford could be liable. All claims against the city must be dismissed.

    C.    <u>Defamation of Character</u>

Hasfal also includes a claim for defamation of character. Where all federal claims have been dismissed, the court may decline to exercise supplemental jurisdiction over state law claims. *See* 28 U.S.C. § 1367(c)(3); *Giordano v. City of New York*, 274 F.3d 740, 754 (2d Cir.

2001) (collecting cases).  The court has dismissed all federal law claims against defendant Cioffari.  Thus, the court declines to exercise supplemental jurisdiction over the defamation claim.  Hasfal may pursue that claim in state court.

## IV.     CONCLUSION

The motion for summary judgment filed by defendants City of Hartford and Hartford Police Officer S. Cioffari [**Doc. #81**] is **GRANTED**.  All federal claims for malicious prosecution, false imprisonment and unlawful restraint and the claims against defendant City of Hartford are **DISMISSED** pursuant to 28 U.S.C. § 1915A.  The court declines to exercise supplemental jurisdiction over the supplemental state law claim for defamation of character.

**SO ORDERED.**

Dated this 25th day of June 2009, at Hartford, Connecticut.

/s/ Christopher F. Droney
Christopher F. Droney
United States District Judge