UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CHRISTOPHER HASFAL, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 3:06-cv-55(CFD) |
| | : | |
| CITY OF HARTFORD, et al., | : | |
|     Defendants. | : | |

**RULING ON MOTION FOR SUMMARY JUDGMENT
BY DEFENDANTS CUTLER AND TOWN OF EAST HARTFORD [Doc. #74]**

The plaintiff, Christopher Hasfal ("Hasfal"), commenced this civil rights action *pro se* and *in forma pauperis*. Defendants Town of East Hartford and East Hartford Police Officer J. Cutler move for summary judgment on the grounds that plaintiff's claims are barred by collateral estoppel and the holding of *Heck v. Humphrey*, 512 U.S. 477 (1994). For the reasons that follow, the Motion for Summary Judgment is **granted**.

**I.      STANDARD OF REVIEW**

In a motion for summary judgment, the burden is on the moving party to establish that there are no genuine issues of material fact in dispute and that it is entitled to judgment as a matter of law. *See* Rule 56(c), Fed. R. Civ. P.; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). The moving party may satisfy this burden by demonstrating the lack of evidence to support the nonmoving party's case. *PepsiCo, Inc. v. Coca-Cola Co.*, 315 F.3d 101, 105 (2d Cir. 2002) (per curiam).

A court must grant summary judgment if the pleadings, discovery materials on file and any affidavits show that there is no genuine issue as to any material fact. *Miner v. Glen Falls*, 999 F.2d 655, 661 (2d Cir. 1993). A dispute regarding a material fact is genuine if there is

sufficient evidence that a reasonable jury could return a verdict for the nonmoving party. *Anderson*, 477 U.S. at 248.

When a motion for summary judgment is supported by documentary evidence and sworn affidavits, the nonmoving party must do more than vaguely assert the existence of some unspecified disputed material facts or present mere speculation or conjecture. *Western World Ins. Co. v. Stack Oil, Inc.*, 922 F.2d 118, 121 (2d Cir. 1990) (quotations and citations omitted). The mere of existence of a scintilla of evidence in support of the nonmoving party's position is insufficient; there must be evidence on which the jury could reasonably find for him. *Dawson v. County of Westchester*, 373 F.3d 265, 272 (2d Cir. 2004).

The court resolves all ambiguities and draws all permissible factual inferences in favor of the nonmoving party. *Patterson v. County of Oneida, NY*, 375 F.3d 206, 218 (2d Cir. 2004). If there is any evidence in the record from which a reasonable inference could be drawn in favor of the opposing party on the issue on which summary judgment is sought, summary judgment is improper. *Security Ins. Co. of Hartford v. Old Dominion Freight Line Inc.*, 391 F.3d 77, 83 (2d Cir. 2004).

Where one party is proceeding *pro se*, the court reads the *pro se* party's papers liberally and interprets them to raise the strongest arguments suggested therein. *See Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994). Despite this liberal interpretation, however, an unsupported assertion cannot overcome a properly supported motion for summary judgment. *Carey v. Crescenzi*, 923 F.2d 18, 21 (2d Cir. 1991).

## II. FACTS

On November 4, 2003, a protective order existed preventing Hasfal from entering Ms. Tohne Taylor's place of employment. On December 9, 2003, Hasfal went to Ms. Taylor's place of employment, the Venus Lounge. Later that evening, Ms. Taylor lodged a complaint against Hasfal with the East Hartford Police Department.

Officer Cutler, along with one other officer, went to Hasfal's room at the Madison Motor Inn to investigate the complaint. He knocked at the door to Hasfal's room at approximately 12:30 a.m. Hasfal looked out the window to see who was there. Defendant Cutler states that Hasfal voluntarily permitted him to enter the room after he identified himself. Hasfal, however, alleges that he opened the door because defendant Cutler threatened to break down the door if Hasfal did not open it. Once in the room, defendant Cutler asked Hasfal if he had gone to the Venus Lounge. When Hasfal said yes, defendant Cutler arrested Hasfal for violating the protective order, as well as possession of crack cocaine. Hasfal claims that defendant Cutler did not tell Hasfal that he was under investigation or advise him of his *Miranda*[1] rights. Cutler was convicted of both charges in the Connecticut Superior Court.

## III. DISCUSSION

Hasfal's only remaining claim against the Town of East Hartford and Officer Cutler is for warrantless entry into his motel room. Defendants contend that Hasfal is collaterally estopped from raising this claim because the issue was litigated in connection with his motion to suppress the confession in the state criminal case.

The doctrine of collateral estoppel, or issue preclusion, provides that an issue of law or

---

[1] *Miranda v. Arizona*, 384 U.S. 436 (1966).

fact actually litigated and decided by a court of competent jurisdiction in a prior action cannot be relitigated in a subsequent suit between the same parties. *Ali v. Mukasey*, 529 F.3d 478, 489 (2d Cir. 2008). To prevail on this claim, defendants must show (1) the issue in both proceedings is identical, (2) the issue was actually litigated and actually decided in the prior case, (3) plaintiff had a full and fair opportunity to litigate the issue in the prior case and (4) the issue was necessary to support a valid judgment on the merits. *Epperson v. Entertainment Express, Inc.*, 242 F.3d 100, 108 (2d Cir. 2001). Mutuality of parties is not required. The only requirement is that the party against whom the doctrine of collateral estoppel is applied must have had the opportunity to litigate the merits of the issue in the prior action. *See Blonder-Tongue Labs., Inc. v. University of Ill. Found.*, 402 U.S. 313, 329 (1971).

Defendant Cutler's warrantless entry into Hasfal's room does not violate the Fourth Amendment proscription against unreasonable searches or seizures if Hasfal consented to his entry. *See Illinois v. Rodriguez*, 497 U.S. 177, 181 (1990). Whether Hasfal voluntarily permitted defendant Cutler to enter his room was litigated and decided in the criminal case when the state court considered Hasfal's motion to suppress the confession.

A comparison of the allegations in the complaint and the argument on the motion to suppress shows that Hasfal presented the same argument in state court that he advances here, namely, that he opened the door only in response to defendant Cutler's threats. In state court, Hasfal also argued that, because he did not voluntarily admit defendant Cutler, he was in custody when he was questioned. The state court found Hasfal not credible and determined that he voluntarily permitted defendant Cutler to enter the room. *See* Doc. #74-3, Ex. D at 118-121. This finding was upheld on direct appeal. *State v. Hasfal*, 106 Conn. App. 199, 206 (2008)

4

(included as Doc. #74-3, Ex. B).  The court concludes that Hasfal fully and fairly litigated this same issue in state court.  *See Mitchell v. Hartnett*, 262 F. Supp. 2d 153, 155 (S.D.N.Y. 2003) (holding that litigation of same issue in suppression hearing supports application of collateral estoppel in federal civil rights action).

In addition, Hasfal's conviction for violation of the protective order and possession of drugs found on his person during a search incident to the December 3, 2003 arrest depended on the admissibility of Hasfal's confession.  Thus, the determination that Hasfal voluntarily allowed defendant Cutler to enter his room was necessary to support the judgment on the merits.  Defendants have satisfied all four elements to establish collateral estoppel.  The motion for summary judgment is granted as to the claims against defendant Cutler on the ground that the claims are precluded by the doctrine of collateral estoppel.

Hasfal includes no allegations in the amended complaint against the Town of East Hartford.  The only reference to the town is in his prayer for relief where he states that the Town of East Hartford is liable under state law for any judgment against defendant Cutler.  Defendants argue that, if defendant Cutler prevails on the motion for summary judgment, there is no judgment for which the Town of East Hartford could be liable and all claims against the town must be dismissed.  The court agrees.  The motion for summary judgment has been granted as to the claims against defendant Cutler.  Accordingly, the motion for summary judgment must be granted as to the claims against the Town of East Hartford as well.

IV.     **CONCLUSION**

The motion for summary judgment filed by defendants Town of East Hartford and East Hartford Police Officer J. Cutler [**Doc. #74**] is **GRANTED**.

**SO ORDERED.**

Dated this 25th day of June, 2009, at Hartford, Connecticut.

/s/ Christopher F. Droney
Christopher F. Droney
United States District Judge